IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 2, 2022

**CODIE HADLEY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamblen County**
**No. 20CR192          Alex E. Pearson, Judge**

_____

**No. E2021-00203-COA-R3-JV**

_____

A juvenile entered a best interest plea to and was adjudicated delinquent for the offense of sexual battery. The juvenile was placed on probation under the supervision of the Tennessee Department of Children's Services. He sought relief through a post-conviction petition in the trial court. The State moved to dismiss the petition. Pursuant to the juvenile's concession that no valid claims could be brought, the trial court dismissed the petition. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and CARMA DENNIS MCGEE, J., joined.

Ryan Thomas Logue, Morristown, Tennessee, for the appellant, Codie Hadley.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Blumstein, Solicitor General, and Edwin Alan Groves, Jr., Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.      BACKGROUND**

When he was a juvenile, Codie Hadley ("Petitioner"), was charged with Aggravated Sexual Battery and Rape of a Child. The Hamblen County Juvenile Court denied the State's motion to transfer the action to criminal court such that Petitioner would be tried on the charges as an adult. Following a trial in the Hamblen County General Sessions Court, Petitioner was adjudicated delinquent for two counts of Aggravated Sexual Battery.

Consequently, he was placed on probation under the supervision of the Tennessee Department of Children's Services ("DCS") and ordered to register as a juvenile sex offender. Petitioner appealed the delinquency adjudication to the Criminal Court for Hamblen County ("trial court") and the case was set for trial. On May 1, 2019, while his appeal was pending, Petitioner entered a best interest plea, also known as an *Alford* plea,[1] to being delinquent for the lesser-included offense of Sexual Battery. By order entered May 1, 2019, Petitioner was removed from the juvenile sex offender registry and ordered to remain on probation under DCS's supervision until his nineteenth birthday. The case was remanded to the juvenile court for enforcement of the judgment.

On April 8, 2020, Petitioner filed in the trial court a pro se Petition for Relief from Conviction or Sentence. He alleged that his plea was not entered knowingly and voluntarily; his confession was coerced; the State failed to disclose exculpatory evidence; he received ineffective assistance of counsel in the juvenile court; newly discovered evidence exists; and the juvenile court improperly admitted his written statement. The State treated the petition as one for post-conviction relief. On May 8, 2020, the State answered the petition to deny most of its factual allegations and to assert that Petitioner was not entitled to relief. Meanwhile, Petitioner cycled through three appointed attorneys, the last of whom filed a notice on September 18, 2020. Petitioner's counsel certified as follows:

> I have discussed this matter thoroughly with my client, Codie Hadley, and, having also investigated the grounds for which he seeks relief, have determined that no colorable claim may be brought from the facts now known to [me]. Accordingly, pursuant to T.C.A. § 40-30-107, [I] hereby give[] notice to the Court and all Parties that no amendment to the petition will be filed. Petitioner, Cody Hadley, has been advised of this decision in person.

On September 30, 2020, the State moved to dismiss the petition based upon the concession in counsel's September 18 notice. Following a hearing and by order entered January 25, 2021, the trial court granted the State's motion to dismiss the petition "based on counsel for the [Petitioner's] acknowledgement that no colorable claim can be brought under the facts known."[2] Petitioner filed a notice of appeal in the Court of Criminal Appeals. By order entered June 4, 2021, the Court of Criminal Appeals directed the parties to show cause why the appeal should not be transferred to this Court, reasoning as follows:

> Relief under the Post-Conviction Procedure Act is only available "for claims based upon criminal convictions, and a sentence under juvenile adjudication

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] The record does not contain a transcript of this hearing.

is not a criminal conviction." *Jeremy Shane Johnson v. State*, [No.] E2007-02531-COA-R3-CV, 2008 WL 5158203, at *1 (Tenn. Ct. App. Dec. 8, 2008) (citing Tenn. Code Ann. § 37-1-133(a)). Rather, collateral challenges to juvenile adjudications may be raised pursuant to the Juvenile Post-Commitment Procedures Act. *See* Tenn. Code Ann. §§ 37-1-301, et seq. Although indigent juvenile petitioners are entitled to the appointment of counsel, *see* Tenn. Code Ann. § 37-1-320, just as indigent adult petitioners, *see* Tenn. Code Ann. § 40-30-115, this court does not have appellate jurisdiction over matters arising from juvenile adjudications or from orders denying relief under the Juvenile Post-Commitment Procedures Act. *See* Tenn. Code Ann. § 37-1-321 (providing that: "[t]he order granting or denying relief under the provisions [of the Juvenile Post-Commitment Procedures Act] shall be deemed a final judgment, and *an appeal may be taken to the court of appeals* by simple appeal") (emphasis added); *see also* Tenn. Code Ann. § 37-1-159(c) (providing that appeals from the order of the criminal court or circuit court affirming the delinquency adjudication of the juvenile court "*may be carried to the court of appeals*") (emphasis added).

Order, *Hadley v. State*, No. E2021-00203-CCA-R3-PC (Tenn. Crim. App. June 4, 2021). Petitioner's counsel and the State responded in agreement that this case arose from the denial of post-commitment relief from a juvenile adjudication over which the Court of Criminal Appeals does not have jurisdiction. Accordingly, the Court of Criminal Appeals transferred the case to this Court pursuant to Tennessee Rule of Appellate Procedure 17. Order, *Hadley v. State*, No. E2021-00203-CCA-R3-PC (Tenn. Crim. App. July 16, 2021). We remanded to the trial court for the limited purpose of appointing new counsel to represent Petitioner on appeal. Petitioner was appointed new legal counsel on December 16, 2021.

## II.      ISSUES

The dispositive issue is whether the trial court erred in dismissing the Petition for Relief from Conviction or Sentence.

## III.      STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness.

*Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).


## IV. DISCUSSION

The record indicates that all parties proceeded in the trial court with the understanding that Petitioner filed a petition for post-conviction relief. Through counsel, Petitioner correctly conceded that "that no colorable claim may be brought" under the Post-Conviction Procedure Act, Tennessee Code Annotated section 40-30-101, *et seq.* This is because Petitioner was ineligible to file a petition for post-conviction relief because he was not seeking relief from a criminal conviction. *See Johnson v. State*, No. E2007-02531-COA-R3-CV, 2008 WL 5158203, at *1 (Tenn. Ct. App. Dec. 8, 2008) ("Tenn. Code Ann. § 40-30-103[3] only allows for claims based upon criminal conviction, and a sentence under juvenile adjudication is not a criminal conviction.") (citing Tenn. Code Ann. § 37-1-133(a)).

On appeal, the parties agreed that this matter arises from a juvenile adjudication rather than a criminal conviction, so the Court of Criminal Appeals transferred the appeal to us. Nevertheless, Petitioner's appellate brief continues to rely solely on the Post-Conviction Procedure Act and associated caselaw to support his argument that the petition "states colorable claims" for relief. Petitioner's reliance on these authorities is misplaced because, again, a juvenile may not collaterally attack a delinquency adjudication through a petition for post-conviction relief because a juvenile adjudication is not a criminal conviction. *Johnson*, 2008 WL 5158203, at *1. Accordingly, we find that Petitioner's arguments on appeal are without merit.

Finally, Petitioner argues without citation to legal authority that the trial court "did not rule on the allegation of listed in the *Petition's* validity [sic] nor did he address whether any of these claims were in fact, 'colorable.'" To the extent that Petitioner asserts in his one-sentence argument that the trial court's order was procedurally deficient, we find that such issue is waived. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

---

[3] "Relief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103.

Discerning no error and with the foregoing considerations in mind, we affirm the trial court's January 25, 2021, order dismissing the Petition for Relief from Conviction or Sentence.

## V.     CONCLUSION

We affirm the judgment of the trial court. The case is remanded for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Codie Hadley.

_____
JOHN W. McCLARTY, JUDGE